UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TARNELL LEON JONES, a/k/a LESANE PARISH CROOKS, a/k/a TUPAC AMARU SHAKUR,

        Plaintiff,

v.

ALL STATES, ATL GEORGIA, COLORADO, LA CALIFORNIA, NYC, LAS VEGAS NEVADA, and ALL THE OTHER 49 STATE POLICE & SHERIFF'S DEPARTMENTS,

        Defendants.

**MEMORANDUM & ORDER**
22-CV-03528 (HG) (LB)

---

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Tarnell Leon Jones is currently incarcerated by the State of Colorado in San Carlos Correctional Facility and has filed this lawsuit purporting to assert claims under 42 U.S.C. § 1983. *See* ECF No. 1 at 1, 6.[1] Although Plaintiff's complaint is difficult to decipher, the crux of his allegations appear to be that he is the deceased rap artist Tupac Shakur, and he therefore wants his identity and wealth restored to him. *Id.* at 3–5. Plaintiff further seeks damages for violent acts committed against Mr. Shakur during the 1990s, including acts that allegedly occurred in New York. *Id.* Plaintiff has also filed a motion, pursuant to 28 U.S.C. § 1915, seeking permission to proceed *in forma pauperis*. *See* ECF No. 2. Finally, Plaintiff has filed

---

[1] According to the State of Colorado, San Carlos Correctional Facility "is a Level 5 security facility" "for incarcerated people who exhibit the most severe and persistent behavioral health issues" and provides a "Residential Treatment Program (RTP) designed to assess and treat incarcerated people with acute serious mental illness and intellectual and developmental disabilities." *San Carlos Correctional Facility*, CO. DEP'T OF CORR., https://cdoc.colorado.gov/facilities/pueblo-campus/san-carlos-correctional-facility (last visited Sept. 29, 2022).

various other letters since commencing this lawsuit, all of which the Court has considered when screening Plaintiff's complaint. *See* ECF Nos. 5–7. Pursuant to the Court's duty to *sua sponte* screen the validity of complaints filed by incarcerated plaintiffs against governments or government officials, the Court dismisses Plaintiff's complaint as frivolous, with prejudice and without leave to amend, for the reasons set forth below.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, multiple statutes require the Court to review *sua sponte* the merits of complaints filed by prisoners seeking leave to proceed *in forma pauperis*. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "Section 1915 governs proceedings *in forma pauperis*, while § 1915A applies to all civil complaints brought by

prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Id.* (citing 28 U.S.C. §§ 1915, 1915A). When a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). When a prisoner files a civil action against "a governmental entity or officer or employee of a governmental entity," the Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). The Second Circuit has recognized that the criteria described in these two statutes provide "identical grounds for dismissal." *Abbas*, 480 F.3d at 639.

Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate [e]asy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022) (internal quotation marks omitted) (alteration in original). The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.* Dismissal pursuant to 28 U.S.C. § 1915A is inappropriate "whenever a liberal reading of the complaint gives any

indication that a valid claim might be stated." *Schlosser v. Kwak*, 16 F.4th 1078, 1081 (2d Cir. 2021).

## DISCUSSION

In light of Plaintiff's extensive litigation history in multiple courts across the country, the Court cannot determine whether he has engaged in a pattern of filing frivolous claims that precludes him from pursuing his current claims *in forma pauperis*. *See* 28 U.S.C. § 1915(g). The Court therefore cannot grant Plaintiff *in forma pauperis* status for the purpose of assessing the merits of his complaint according to 28 U.S.C. § 1915(e). The Court may, however, screen the merits of Plaintiff's claims via an alternative route because Plaintiff is incarcerated and has asserted claims against government officials—New York City police officers. *See* 28 U.S.C. § 1915A. That screening process demonstrates that Plaintiff's claims are frivolous, and the Court dismisses them with prejudice accordingly.

### I.     Plaintiff's Litigation History

As a threshold issue, the Court takes judicial notice of the fact that Plaintiff is a prolific litigator.[2] He has filed at least thirteen lawsuits within the past ten years in the District of Colorado, where he is incarcerated.[3] Plaintiff's litigation history is relevant because this Court may not afford *in forma pauperis* status to incarcerated litigants who have, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[2]     The Court may take judicial notice of dockets from other courts' proceedings because they are public records, including when deciding whether to dismiss a complaint. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[3]     *District of Colorado Official Court Electronic Document Filing System*, ADMIN. OFFICE OF THE U.S. CTS., https://cod-ecf.sso.dcn/cgi-bin/iquery.pl (last visited Sept. 28, 2022) (search "Jones" in the "Last/Business Name" field and "Tarnell" in the "First Name" field).

4

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The statute allows an exception if "the prisoner is under imminent danger of serious physical injury," *see id.*, but Plaintiff makes no such allegation, *see* ECF Nos. 1–2, 5–7.

Only some of the courts that have dismissed Plaintiff's prior complaints have expressly found that those complaints lacked merit. At least two dismissal orders have said that Plaintiff's claims were frivolous, in violation of the *in forma pauperis* statute. *Jones v. NYC State & DOC*, No. 22-cv-4675, 2022 WL 4485285, at *2 (S.D.N.Y. Sept. 26, 2022) (dismissing "as frivolous" Plaintiff's complaint "seeking relief for the events that occurred on September 13, 1996, including the shooting that led to Shakur's death"); *Jones v. Boyd*, No. 20-cv-696 (D. Colo. Apr. 22, 2020) (ECF No. 10 at 2) (dismissing as "factually frivolous" Plaintiff's complaint "alleg[ing] that he is Tupac Shakur and wants his family, money, and fame back"). Many of Plaintiff's other complaints, however, have been dismissed pursuant to Rule 41(b) because of his failure to comply with court orders to correct the form of his filings or to provide additional information.[4]

For example, Plaintiff's most recent lawsuit in the District of Colorado was dismissed without prejudice, pursuant to Rule 41(b), because Plaintiff ignored the court's prior order to use the district's complaint form for incarcerated plaintiffs and refused to provide information related to his inmate trust account. *Jones v. No Named Defendants*, No. 21-cv-1325 (D. Colo.) (ECF Nos. 3 & 5). The orders in this particular lawsuit did not mention that Plaintiff had ever been

---

[4] *See, e.g.*, *Jones v. No Named Defendants*, No. 19-cv-1465 (D. Colo. July 10, 2019) (ECF No. 4) (dismissing complaint without prejudice pursuant to Rule 41(b)); *Jones v. No Named Defendants*, No. 18-cv-2727 (D. Colo. Dec. 12, 2018) (ECF No. 18 at 3) (dismissing complaint without prejudice pursuant to Rule 41(b) and noting Plaintiff's history of "fil[ing] three actions" "within the past 12 months" that were dismissed on the same basis).

prohibited from proceeding *in forma pauperis* because of previous dismissals, pursuant to 28 U.S.C. § 1915(g), despite the fact that the judges of the District of Colorado are likely the most familiar with Plaintiff's litigation history.  *See id.*

Due to the lack of clarity regarding Plaintiff's litigation history, the Court declines to consider whether he is eligible for *in forma pauperis* status.  Instead, for the reasons explained below, the Court dismisses Plaintiff's complaint as frivolous pursuant to the separate statute governing prisoner litigation against government officials.

## II.     Plaintiff's Complaint Is Frivolous.

Plaintiff's complaint is nonsensical and does not present any cognizable federal claims that could possibly have occurred within any relevant statute of limitations period.  As stated above, Plaintiff asserts that he is Tupac Shakur and has returned from the dead.  ECF No. 1 at 1.  He admits that he does not "look the same" as Mr. Shakur and cannot remember private details about Mr. Shakur's life such as his Social Security number.  ECF No. 5 at 4.  Plaintiff is, however, capable of providing publicly-known information about Mr. Shakur, such as his birthday and notorious life events like shootings that were the subject of widespread media coverage.[5]  *Id.*; ECF No. 1 at 3–4.  Plaintiff asserts that we can verify his identity by performing an elaborate series of medical tests that will show that he has two blood types—and potentially two hearts.  ECF No. 5 at 4–5.  Finally, Plaintiff attempts to explain that if the Court were to use

---

[5]     The gunshot wounds described in Plaintiff's complaint resemble the injuries that Mr. Shakur reportedly suffered during a shooting at a Manhattan recording studio.  *Compare* ECF No. 1 at 4, *with* James Barron, *After Day as Defendant, Rapper Becomes Victim He Is Shot in Robbery Entering Studio*, N.Y. TIMES (Dec. 1, 1994), https://www.nytimes.com/1994/12/01/nyregion/after-day-defendant-rapper-becomes-victim-he-shot-robbery-entering-studio.html.

Google to search for the meaning of "Tarnell Leon Jones," it would somehow translate to Mr. Shakur's supposed "reincarnation name." ECF No. 6 at 5.

Plaintiff alleges that he was shot by police officers in New York City, Los Angeles, and Atlanta between 1992 and 1995. ECF No. 1 at 3. He also alleges that a backpack containing more than $1 million was "robbed" from him, although he has not specified who took it or where this event occurred. *Id.* at 4. Plaintiff seeks reimbursement for the medical expenses that he incurred because of these events. *Id.* at 5. He further demands that the Court restore his birth certificate, Social Security number, all other forms of identification, and "my life" more generally. *Id.* Plaintiff also wants other financial assets to which Mr. Shakur would be entitled if he were alive today: his songs, music studios, cars, trucks, and houses. *Id.*

The allegations summarized above can only be described as "fanciful, fantastic, or delusional," and may be dismissed on that basis. *Gallop v. Cheney*, 642 F.3d 364, 367–68 (2d Cir. 2011) (internal quotation marks omitted) (affirming dismissal of complaint that "hypothesize[d] a fantastical alternative history to the widely accepted account of" the terrorist attacks on September 11, 2001). Courts throughout the Second Circuit regularly dismiss as frivolous, pursuant to 28 U.S.C. § 1915A, claims brought by incarcerated plaintiffs based on similarly irrational allegations, even after giving those claims the lenient interpretation afforded to *pro se* litigants. *See, e.g.*, *Coppedge v. New York State*, No. 21-cv-4718, 2022 WL 59637, at *3 (E.D.N.Y. Jan. 6, 2022) (dismissing claims alleging that issuing a birth certificate to plaintiff was a form of slavery that violated the Thirteenth Amendment); *Robinson v. Davison*, No. 21-cv-8546, 2021 WL 4926075, at *2–3 (S.D.N.Y. Oct. 20, 2021) (dismissing as "incoherent" plaintiff's claims that "use[d] financial terms to describe his criminal proceedings"). In each of

these cases, the plaintiff's allegations were so incurable that the courts did not grant leave to amend. *Coppedge*, 2022 WL 59637, at *4; *Robinson*, 2021 WL 4926075, at *3. Notably, less than a week ago, the Southern District of New York dismissed as frivolous, without leave to amend, claims that Plaintiff asserted against New York City officials that were also based on acts committed against Mr. Shakur. *Jones*, 2022 WL 4485285, at *3.

Even if Plaintiff's allegations had any basis in fact or law, they would be incurably barred by the statute of limitations. Plaintiff used a form complaint designed for civil rights claims asserted pursuant to 42 U.S.C. § 1983, so the Court interprets his complaint as an attempt to assert such claims. *See* ECF No. 1 at 1. The statute of limitations for excessive force claims under Section 1983 based on events occurring in New York is three years. *Helwing v. Pszeniczny*, No. 21-843-cv, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022) (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)). Plaintiff submitted his complaint to the authorities responsible for handling his prison's mail on June 8, 2022, yet the most recent shooting that he complains about occurred in 1995. ECF No. 1 at 3–5. Plaintiff therefore does not assert any claims that fall within the applicable statute of limitations, nor could he possibly amend his complaint to do so.

## CONCLUSION

Plaintiff's complaint is frivolous for the reasons explained above, and the Court dismisses all of Plaintiff's claims with prejudice—and without leave to file an amended complaint—pursuant to 28 U.S.C. § 1915A(b). The Court therefore denies as moot Plaintiff's motion to proceed *in forma pauperis*. *See* ECF No. 2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, enter judgment, and close this case.

    SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated:  Brooklyn, New York
         September 29, 2022